**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

BRANDYWINE COMMUNICATIONS
TECHNOLOGIES, LLC,

                Plaintiff,

v.                                    Case No:  6:12-cv-274-Orl-36DAB

CASIO COMPUTER CO. LTD.,

                Defendant.
_____/

## **ORDER**

This cause comes before the Court upon Defendant Casio Computer Co., Ltd.'s ("Casio"

or "Defendant") Motion to Dismiss Claims of Joint, Indirect and Willful Infringement ("Motion

to Dismiss") (Doc. 14).   Plaintiff Brandywine Communications Technologies, LLC

("Brandywine" or "Plaintiff") filed a Memorandum in Opposition to the Motion to Dismiss

("Response") (Doc. 23), to which Casio replied (Doc. 27).  The Motion to Dismiss is ripe for

review.  For the reasons that follow, Defendant's Motion to Dismiss will be granted.

### **I.**    **BACKGROUND**

#### **A.  Facts**[1]

Brandywine filed its Complaint in this action on February 21, 2012, alleging that Casio

infringes upon U.S. Patent Numbers 5,719,922 (" '922 Patent") and 6,236,717 (" '717 Patent") in

violation of 35 U.S.C. § 271(a), (b), and (c) (Doc. 1).  Brandywine is a patent holding limited

liability company with its principal place of business in Villanova, Pennsylvania. *Id.* ¶ 2.  Casio

---

[1] The following statement of facts is derived from Plaintiff's Complaint (Doc. 1), the allegations
of which the Court must take as true in ruling on a motion to dismiss. *Linder v. Portocarrero,*
963 F.2d 332, 334 (11th Cir. 1992); *Quality Food de Centro America, S.A. v. Latin American
Agribusiness Development Corp. S.A.*, 711 F.2d 989, 994 (11th Cir. 1983).

is a Japanese corporation whose principal place of business is in Tokyo, Japan. *Id.* ¶ 3. Plaintiff

alleges that Casio has at least one office within the Middle District of Florida. *Id.*

### i. Alleged Infringement of the '922 Patent

On February 17, 1998, the '922 Patent, entitled "Simultaneous Voice/Data Answering

Machine," was legally issued by the United States Patent and Trademark Office ("USPTO") to

Gordon Bremer and Richard Kent Smith (collectively "the '922 Inventors"). The '922 Patent

has subsequently been assigned to Plaintiff. *Id.* ¶ 10. Casio has had actual knowledge of the

'922 Patent, and its alleged infringement of that patent, since at least September 29, 2011, when

Casio was served with Plaintiff's original complaint in *Brandywine Communications*

*Technologies, LLC v. Apple, Inc., et. al*, Case 6:11-cv-1512-36DAB (M.D. Fla. 2011) (the

"Original Action"). *Id.* ¶ 11. Casio also has had knowledge since December 13, 2011, when

Plaintiff sent a letter providing notice of Casio's alleged infringement of the '922 Patent. *Id.*

Plaintiff alleges that Casio has and continues to directly and indirectly infringe on one or

more claims of the '922 Patent "by making, using, selling and offering for sale, services and

products that infringe and/or perform processes that infringe one or more claims of the '922

Patent." *Id.* ¶ 12. The Casio products and services that Plaintiff accuses of infringing the '922

Patent include Casio G'zOne Boulder, G'zOne Type-S, G'zOne Type-V, SH-G1000, SH P3000,

G'zOne Commando, G'zOne Ravine, G'zOne Brigade, and G'zOne Rock (collectively "the '922

Accused Products"). *Id.* ¶ 13.[2] Also, Brandywine alleges that Casio has committed joint

infringement of the '922 Patent, because Casio and its service providers, including Cellco

Partnership d/b/a Verizon Wireless ("Verizon") have, acting jointly, infringed and continue to

infringe on at least claim 7 of the '922 Patent. *Id.* ¶ 14. Plaintiff alleges that Casio's continued

---

[2] Although only specifically listing these Casio products, Brandywine alleges that this list is not
exhaustive. Doc. 1, ¶ 13.

infringement despite its knowledge of the '922 Patent and Plaintiff's accusations of infringement has been objectively reckless and willful. *Id. ¶* 15.

Plaintiff further alleges that since at least September 29, 2011, Casio has committed and continues to commit acts of contributory infringement of at least claims 1 and 7 of the '922 Patent in violation of 35 U.S.C. § 271(c), because Casio has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including the '922 Accused Products. *Id. ¶¶* 16-17. Plaintiff argues that the '922 Accused Products have no substantial non-infringing uses, and are especially adapted to work in a system or carry out a method claimed in the '922 Patent. *Id.* Casio provides such products to its customers, whose use of such products constitutes direct infringement of at least claim 1 of the '922 Patent. *Id. ¶* 16. Casio also provides such services and products to its handset makers, including Verizon, whose use constitutes direct infringement of at least claim 7 of the '922 Patent. *Id. ¶* 17.

Additionally, Plaintiff alleges that Casio has induced and continues to induce others to infringe at least claims 1 and 7 of the '922 Patent under 35 U.S.C. § 271(b), by: "actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of claim 1 of the '922 Patent", and "its service providers, such as [Verizon], whose use and sale of such services constitutes direct infringement of claim 7 of the '922 Patent." *Id. ¶¶* 18, 19. Casio's alleged aiding and abetting includes advertising, instructing, and/or supporting the consumers' directly infringing use, and marketing and promoting the sale of Casio's Accused Services and Products by others, such as Verizon. *Id.*

Brandywine alleges it has and continues to suffer damages due to Casio's infringement, contributory infringement, and inducement of infringement of the '922 Patent. *Id. ¶* 20.

### ii.  Alleged Infringement of the '717 Patent

On May 22, 2001, the '717 Patent, entitled "Simultaneous Voice/Data Answering Machine," was legally issued by the USPTO to Gordon Bremer and Richard Kent Smith (collectively "the '717 Inventors"), and has subsequently been assigned to Plaintiff. *Id.* ¶ 22. Casio has had actual knowledge of the '717 Patent, and its alleged infringement of that patent, since at least September 29, 2011, when Casio was served with Plaintiff's complaint in the Original Action. *Id.* ¶ 23.  Also, Casio has had knowledge since December 13, 2011, when Plaintiff sent a letter providing notice of Casio's infringement of the '717 Patent. *Id.*  Plaintiff alleges that Casio has and continues to directly and indirectly infringe on one or more claims of the '717 Patent by making, using, selling and offering for sale, services and products that infringe and/or perform processes that infringe one or more claims of the '717 Patent. *Id.* ¶ 24. Plaintiff accuses the '922 Accused Products of also infringing upon the '717 Patent. *Id.* ¶ 25.

Brandywine alleges that Casio has committed joint infringement of the '717 Patent, because Casio and its service providers, including Verizon, have, acting jointly, infringed and continue to infringe on at least claim 15 of the '717 Patent. *Id.* ¶ 26.  Plaintiff alleges that Casio's continued infringement despite its knowledge of the '717 Patent and Plaintiff's accusations of infringement have been objectively reckless and willful. *Id.* ¶ 27.

Plaintiff further alleges that since at least September 29, 2011, Casio has committed and continues to commit acts of contributory infringement of at least claims 1 and 15 of the '717 Patent in violation of 35 U.S.C. § 271(c), because Casio has made, used, sold, offered to sell, and/or imported, or continues to make, use, sell, offer to sell services and products including the

4

'717 Accused Products. *Id.* ¶¶ 28-29.  Plaintiff argues that the '717 Accused Products have no substantial non-infringing uses, and are especially adapted to work in a system or carry out a method claimed in the '717 Patent, for example by claims 1 and 15.  *Id.*  Casio provides such products to its customers, whose use constitutes direct infringement of at least claim 1 of the '717 Patent.  *Id.* ¶ 28.  Casio also provides such products to its service providers, including, but not limited to Verizon, whose use of such products constitutes direct infringement of at least claim 15 of the '717 Patent.  *Id.* ¶ 29.

Additionally, Plaintiff alleges that Casio has induced and continues to induce others to infringe at least claims 1 and 15 of the '717 Patent under 35 U.S.C. § 271(b), by actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of claim 1 of the '717 Patent, and its service providers, such as Verizon, whose use of such services constitutes direct infringement of claim 15 of the '717 Patent.  *Id.* ¶¶ 30-31.  Casio's alleged aiding and abetting includes advertising, instructing, and/or supporting the consumers' directly infringing use, and marketing the sale of Casio's Accused Services and Products by others, such as Verizon.  *Id.*

Brandywine alleges it has and continues to suffer damages due to Casio's infringement, contributory infringement, and inducement of infringement of the '717 Patent.  *Id.* ¶ 31.

### B.  Procedural History

On September 13, 2011, Plaintiff filed a complaint in the Original Action, asserting infringement of the '922 and '717 Patents against Casio and twenty-three other defendants.  *See Brandywine Communications Technologies, LLC v. Apple et. al*, 6:11-cv-1512-Orl-35DAB, at Doc. 1.  The Court severed the case into separate actions.  *Id.* at Doc. 4.  Consequently, Plaintiff

filed its Complaint in this action on February 21, 2012 (Doc. 1).  The instant Motion to Dismiss followed.

## II.    STANDARD

Although the substantive law of the Federal Circuit governs patent cases, courts apply the law of the regional circuit when evaluating procedural issues.  *See In re Bill of Lading*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) ("Because it raises a purely procedural issue, an appeal from an order granting a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit.")*; In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("Because this petition does not involve substantive issues of patent law, this court applies the laws of the regional circuit in which the district court sits."); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007) ("A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law.  Thus, on review we apply the law of the regional circuit.").

To survive a motion to dismiss, a pleading must comply with Fed. R. Civ. P. 8(a)(2) by including a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient.  *Bell Atlantic Corp, et al. v. Twombly, et al.*, 550 U.S. 544, 555 (2007).  Mere naked assertions, too, are not sufficient.  *Id*.  A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual

6

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff.  *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009).  The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint.  *Iqbal*, 556 U.S. at 678.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id*. at 679.

## III.    ANALYSIS

In its Motion to Dismiss, Casio argues that the Court should dismiss Plaintiff's claims of indirect infringement pursuant to 35 U.S.C. § 271(b), contributory infringement pursuant to 35 U.S.C. § 271(c), willful infringement, and joint infringement for failure to state a claim upon which relief may be granted.  Doc. 14, pp. 10-26.

### A.  Compliance with Form 18 is insufficient to plead a claim of indirect infringement

A party is liable for induced infringement if it "actively induces infringement of a patent."  35 U.S.C. § 271(b).  The Eleventh Circuit has determined that to prove inducement of infringement, a patentee must demonstrate that the accused infringer had the intent to cause the acts which constitute the infringement.  *Mee Indus. v. Dow Chemical Co.*, 608 F.3d 1202, 1215 (11th Cir. 2010).  As a threshold matter, the parties dispute the requirements for pleading induced infringement, specifically whether compliance with Form 18 of the Federal Rules of Civil Procedure suffices at the pleading stage, and if Brandywine must demonstrate the alleged infringer had pre-suit knowledge of the patent and intent to cause others to infringe upon the patent.  Doc. 14, pp. 5-6; Doc. 23, pp. 4-12.

The Federal Circuit's recent opinion in *In re Bill of Lading* provides persuasive authority on the pleading requirements for induced infringement.  *In re Bill of Lading*, 681 F.3d 1323, 1350-51 (Fed. Cir. 2012).  The Federal Circuit concluded that whereas fulfilling the requirements in Form 18 is sufficient to plead a claim of direct infringement, "Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement" and a court must look to Supreme Court precedent for guidance regarding pleading requirements for claims of indirect infringement.  *Id.* at 1336-37.  Specifically, to state a claim for induced infringement, a plaintiff must affirmatively plead "facts plausibly showing that [Defendants] specifically intended their customers to infringe the [patent] and knew that the customer's acts constituted infringement."  *Id.* at 1339.  Moreover, the Supreme Court has clarified that induced infringement requires "knowledge that the induced acts constitute patent infringement."  *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011); *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.").

Brandywine maintains that the Federal Circuit's opinion in *In re Bill of Lading* is merely persuasive authority, and that "[t]he law of this Circuit is clear: the sufficiency of an indirect infringement claim is judged according to the same standard as direct infringement claims, which only need to comply with the minimal requirements of Form 18".  Doc. 23, p. 8.  However, in support of its contention that Form 18 is sufficient in this Circuit for pleading claims of induced infringement, Brandywine cites no Eleventh Circuit cases, and three distinguishable district court cases.  *CBT Flint Partners, LLC v. Goodmail Systems, Inc.* 529 F.Supp. 2d 1376 (N.D. Ga. 2007); *Aspex Eyewear, Inc. v. Hardy Life, LLC*, 2010 WL 2926511 (S.D. Fla. 2010); *Minsburg*

*International, Inc. v. Frontier Devices, Inc.,* 2011 WL 1326863 (M.D. Fla. 2011). Moreover, each of these cases predates both the Federal Circuit's contrary decision in *In re Lading*, and the Supreme Court's controlling opinion in *Global-Tech*.

In *CBT Flint*, after acknowledging that the Eleventh Circuit has not decided whether *Twombly* has altered pleading standards in the patent context, the court finds that though Form 18 "only provides a model for pleading direct infringement, there is no principled reason, at least not one advanced by the Defendant, for requiring more factual detail when the claim is one for contributory infringement." *CBT Flint Partners*, 529 F. Supp. 2d at 1380. However, the *CBT Flint* court was motivated to accept plaintiff's limited complaint in part because of the Northern District of Georgia's extensive patent rules requiring "plaintiffs to disclose a great deal of extremely detailed information" early in a case. *Id.* at 1380-81. The *Aspex Eyewear* court found that plaintiff's allegation of inducement infringement was sufficient under the pleading standards. 2010 WL 2926511, *2. Whereas the *Aspex* plaintiff alleged that two specific defendants were aiding and abetting infringement because the identified eyewear was being sold under their brand name, in this action Brandywine makes a more ambiguous allegation, and provides less detail. *See* Doc. 1, ¶¶ 18, 30.[3] Brandywine argues that the Federal Circuit's decision *In re Lading,* explicitly finding that Form 18 is insufficient to plead indirect infringement, is not controlling authority, while relying upon decisions like *Minsburg,* which interprets prior Federal Circuit opinions, to support its claim that Form 18 is sufficient in the

---

[3] Plaintiff alleges that "since at least September 29, 2011, Casio has induced and continues to induce others to infringe at least claim 1 of the '922 patent under 35 U.S.C. § 271(b) by, among other things, actively and knowingly aiding and abetting others to infringe, including, but not limited to consumers whose use of such services and products constitutes direct infringement of at least claim 1 of the '922 patent. Casio's aiding and abetting includes, for example, advertising, instructing, and/or supporting the consumers' directly infringing use." Doc. 1, at ¶ 18. Paragraph 30 regarding the '717 Patent is substantially identical.

Eleventh Circuit.[4]  The *Minsburg* court applied the Federal Circuit's then current decision in *McZeal*, finding that plaintiff's claim for indirect infringement provided defendants "fair notice of what the … claim is and the grounds upon which it rests".  *Minsburg International, Inc.,* 2011 WL 1326863, *3.  Despite its claim, Brandywine has not shown that the Eleventh Circuit permits pleadings that comply with Form 18 to allege claims of induced infringement.  Indeed, both the persuasive decision in *In re Billing* and controlling Supreme Court authority  in *Global-Tech* hold otherwise.  Accordingly, compliance with Form 18 is insufficient to plead induced infringement.

### B.  A claim of induced infringement requires showing pre-suit knowledge of the patent

A claim for induced infringement requires that the defendant "actively induces" infringement, which "requires knowledge of the existence of the patent that is infringed." *Global-Tech*, 131 S. Ct. at 2068.[5]  A plaintiff has the burden to demonstrate that the defendant was aware of the patent and actively and knowingly aided and abetted another's direct infringement. *Id.*; *DSU Med. Corp. v. JMS Co*., 471 F.3d at 1305.  Casio argues that knowledge of the patents gained by Plaintiff's filing of the lawsuit is insufficient to plead the required knowledge.  Doc. 14, p. 11.  By contrast, Plaintiff maintains that it need not plead pre-suit

---

[4] In several cases involving the same patents-in-suit, defendants filed notices of supplemental authority, arguing that *In re Bill of Lading* provides controlling authority regarding the standard for pleading indirect patent infringement.  *See* Case No. 6:12-cv-275-Orl-36DAB, Doc. 32, p. 1; *In re Bill of Lading*, 681 F.3d 1323 (Fed. Cir. 2012).  In its Response, Brandywine argued that the sufficiency of the pleading is a procedural issue, and thus the Court must apply Eleventh Circuit precedent in determining the sufficiency of allegations.  *See id.*, Doc. 35, pp. 1-2.  The Court agrees that in evaluating the sufficiency of a claim, it applies the law of the Eleventh Circuit and Supreme Court interpretations of federal pleading requirements.  However, the Federal Circuit's recent opinion is persuasive authority.

[5] In order to establish a claim for induced infringement, the patentee must show that: (1) there has been direct infringement; (2) the alleged infringer knowingly induced infringement; and (3) the alleged infringer possessed specific intent to encourage another's infringement. *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F.3d 1369, 1378 (Fed. Cir. 2005).

knowledge of the patent in alleging indirect infringement.  Doc. 23, pp. 5-7.  In the alternative, Plaintiff maintains that it does allege Defendant's pre-suit knowledge.  *Id.*, p. 7.

The weight of authority addressing the knowledge required for indirect infringement, especially following the Supreme Court's decision in *Global-Tech*, requires a plaintiff to allege that defendant had pre-suit knowledge of the patents-in-suit.  *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F.Supp.2d 349, 357 (D. Del. 2010) (dismissing claims of indirect infringement because "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement"); *Mallinckrodt, Inc. v. E-Z-Em Inc.,* 670 F. Supp. 2d 349, 354 n.1 (D. Del. 2009) ("The Court is not persuaded by Plaintiffs' contention that the requisite knowledge can be established by the filing of Plaintiff's Complaint."); *Aguirre v. Powerchute Sports, LLC*, 2011 WL 2471299, *3 (W.D. Tex. 2011) ("To the extent Aguirre relies on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement.").[6]

Additionally, in *Zamora Radio, LLC v. Last.FM, Ltd*, the court, in granting summary judgment on the claim of induced infringement, concludes that there could be no indirect infringement because "[plaintiff] has offered no evidence that Defendants had any pre-suit knowledge of the '399 Patent."  *Zamora Radio, LLC v. Last.FM, Ltd*, 758 F. Supp. 2d 1242, 1257 (S.D. Fla. 2010).  Brandywine's argument that *Zamora* is inapplicable precedent because the court evaluates induced infringement upon a motion for summary judgment, is unpersuasive. Doc. 23, p. 6.   Indeed, the *Zamora* court held that plaintiffs cannot establish induced

---

[6] Although Plaintiff correctly notes that the *Aguirre* court dismissed plaintiff's claims of contributory and indirect infringement for complete failure to plead the required knowledge, the court explains that to the extent plaintiffs rely on knowledge acquired by plaintiff's lawsuit, such knowledge is insufficient to plead the requisite knowledge for indirect infringement.  *Aguirre*, 2011 WL 2471299 at *3.

infringement without demonstrating pre-suit knowledge of the patent-in-suit.  *Zamora*, 758 F. Supp. 2d at 1257.  Here, Brandywine has not even alleged such knowledge, and therefore could not establish the required element.  Similarly, the *F & G Research, Inc. v. Google, Inc.* court notes that there is no evidence defendant received notice or otherwise knew of the patents before plaintiff's initial complaint was filed, and as such plaintiff's claim for inducement infringement failed.  *F & G Research, Inc. v. Google, Inc.*, 2007 WL 2774031,*15 (S.D. Fla. 2007).

In its response, Plaintiff does not cite any case within the Eleventh Circuit finding that knowledge of the patent can be acquired with the filing of a complaint.[7]  Moreover, the cases Plaintiff cites from outside the Circuit to support its proposition that pre-suit knowledge is not required to plead induced infringement predate the Supreme Court's ruling that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement".[8,9]  *Global-Tech*, 131 S. Ct. at 2068; Doc. 23, pp. 5-7.  Moreover, because notice of the patent is necessarily provided by a complaint, finding that a complaint provides sufficient knowledge for induced infringement would vitiate the Supreme Court's holding in *Global-Tech* that an allegation of knowledge of the patent is required to state a claim for induced infringement.

---

[7] Plaintiff submitted a Notice of Supplemental Authority calling the Court's attention to one district court which concluded that despite *Global-Tech*, continued infringement following knowledge of the alleged infringement acquired with the initiation of the lawsuit suffices to support liability for indirect infringement.  Doc. 26-Ex. 1 (citing *Walker Digital, LLC v. Facebook, Inc. et al*, (D. Del. April 4, 2012)).

[8] Indeed, Plaintiff does not address the Supreme Court's authoritative clarification in *Global-Tech*, finding that induced infringement requires knowledge of the patent and "that the induced acts constitute patent infringement."  *Global-Tech*, 131 S. Ct. at 2068.

[9] Compare *Global-Tech*'s Order dated May 31, 2011 to: *Broadcom Corp. v. Qualcomm*, 2007 U.S. Dist. LEXIS 62764, * 14 (C.D. Ca. 2007) (upholding a verdict against defendant for indirect infringement, finding that defendant's customer support practices showed specific intent that this assistance be used and that defendant had knowledge of the patent at least by the time of plaintiff's complaint); *Elan Microelectronics Corp. v. Apple, Inc.*, 2009 WL 2972374 (N.D. Ca. 2009) (granting defendant's motion to dismiss counterclaims because of ambiguity).

Brandywine argues, in the alternative, that it does allege Casio's pre-suit knowledge of the patents-in-suit.  Doc. 23, pp. 7-8.  Brandywine's argument is that because it filed a suit against Casio and twenty-three other defendants in the Original Action on September 29, 2011, and following the Court's severance Order filed the operative Complaint against Casio, that Casio had knowledge of the patents and alleged infringement at least as of September 29, 2011.  Doc. 23, p. 7; *see* Doc. 1, ¶¶ 11, 23.  This argument is unpersuasive.  Brandywine cannot avoid the pre-suit knowledge requirement by relying on either the Original Action or letters sent to Casio during the lawsuit, when the parties were already disputing Casio's alleged infringement.

### C. Brandywine's claims of inducement infringement are insufficient for failure to plead requisite knowledge or intent

Having concluded that compliance with Form 18 is insufficient to plead indirect infringement, and that a plaintiff must allege pre-suit knowledge of the patent-in-suit to establish the scienter required for indirect infringement, it is evident that Brandywine fails to adequately plead induced infringement.  *In re Bill of Lading*, 681 F.3d at 1339; *Global-Tech Appliances, Inc.* 131 S. Ct. at 2068; *DSU Med. Corp.,* 471 F.3d at 1306 ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.").  To establish a claim for induced infringement, a patentee must show that: (1) there has been direct infringement; (2) the alleged infringer knowingly induced infringement; and (3) the alleged infringer possessed specific intent to encourage another's infringement.  *Zamora,* 758 F. Supp. 2d at 1248; *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005).  Indeed, for induced infringement, "mere knowledge of possible infringement by others does not amount to inducement; specific intent and actions to induce infringement must be proven."  *DSU Medical Corp.*, 471 F.3d at 1305.

Brandywine has not alleged either knowledge of the patents-in-suit before the litigation, or facts plausibly showing that Casio specifically intended their customers to infringe the patents and knew that their customer's acts constituted infringement. *See In re Bill of Lading*, 681 F.3d at 1339; *Global-Tech*, 131 S. Ct. at 2068. The Court agrees with Casio that Brandywine's conclusory allegations that Casio "actively and knowingly" induced infringement are inadequate to support the element requiring intent and active inducement. Doc. 14, pp. 10-13; *see* Doc. 1, ¶¶ 18, 19, 30, 31; *see also Digitech Information Sys, Inc. v. Ally Financial, Inc.*, 2011 WL 3875407, *4 (M.D. Fla. 2011) (finding that pleading the phrase "actively induces others to infringe," alone, is conclusory when pleading induced infringement).[10] Indeed, such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Therefore, because Brandywine does not plead pre-suit knowledge and provides formulaic recitations of the required element of "active inducement" under 35 U.S.C. § 271(b), its claims of induced infringement of the '922 and '717 Patents fail to state a claim upon which relief can be granted and will be dismissed.

### D. Brandywine fails to plead a claim for contributory infringement

Contributory infringement occurs if a party sells or offers to sell a material or apparatus for use in practicing a patented process, and that "material or apparatus" is material to practicing the invention, has no substantial non-infringing uses, and is known "to be especially made or especially adapted for use in the infringement of such patent." 35 U.S.C. § 271(c); *In re Bill of*

---

[10] In its Response, Brandywine argues that *Digitech* is not relevant authority because the court examines whether plaintiff has made a *prima facie* showing of personal jurisdiction over defendant. Doc. 21, p. 10. However, in finding that plaintiff failed to adequately plead that defendant had committed tortious conduct in Florida, the *Digitech* court evaluates what is required to adequately plead induced infringement, indicating that alleging that a defendant "infringes and actively induces others to infringe", without more factual allegations, is insufficient. *Digitech*, 2011 WL 3875407, at *4. As such, *Digitech* supports Defendant's argument.

*Lading*, 681 F.3d at 1337; *Lucent Techs. v. Gateway, Inc.*, 580 F.3d 1301, 1320 (Fed. Cir. 2009). In *Global-Tech*, the Supreme Court clarified that "§ 271(c) requires knowledge of the existence of the patent that is infringed." *Global-Tech,* 131 S. Ct. at 2068.   In addition to pleading requisite knowledge of the patent-in-suit at the time of infringement, a claim for contributory infringement must plead acts allowing an inference that the components sold or offered have no substantial non-infringing uses. *In re Bill of Lading*, 681 F.3d at 1337; *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.,* 424 F.3d 1293, 1312 (Fed. Cir. 2005).   The Federal Circuit held that in the context of contributory infringement, a substantial non-infringing use is a use that is "not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Id.* (citing *Vita-Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009)).

Casio argues that Brandywine's claims of contributory infringement must be dismissed for failure to plead a claim upon which relief can be granted.  Doc. 14, pp. 14-19; Fed. R. Civ. P. 12(b)(6).   First, because Plaintiff failed to allege that Casio had pre-suit knowledge of the patents-in-suit, Casio states that it could not have known that its products were patented and infringing.  *Id.*  at 17 (citing *Aro Mfg. Co., Inc. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488 (1964)).   Second, Casio maintains that Plaintiffs have not pled that its Accused Products constitute components that are "especially adapted to work in a system or carry out a certain method."  *Id.* at 15-17; 35 U.S.C. § 271(c).   Third, Casio argues that Plaintiff has not sufficiently alleged that its Accused Products "have no substantial non-infringing uses".  *Id.* at 18-19; Doc. 1, ¶¶ 16, 28.   Brandywine maintains that its contributory infringement claims are sufficient.  Doc. 23, pp. 10-12.   The Court will address each contested component of Plaintiff's claim of contributory infringement.

First, the statute provides that an accused infringer must know that the product is designed to infringe a patent, which requires a defendant to have knowledge of the patent. 35 U.S.C. § 271(c); *Global-Tech*, 131 S. Ct. at 2067-68 (noting that "knowledge of the patent" has long been a requirement); *Aro Mfg. Co., Inc.*, 377 U.S. at 488 ("§ 271(c) does require a showing that the alleged contributory infringer knew that the combination for which his component is especially designed was both patented and infringing."). As discussed with respect to induced infringement, *Global-Tech*'s holding that knowledge is required for indirect infringement is only meaningful if such knowledge is alleged prior to receipt of a complaint.[11,12]

In addition to lacking the critical scienter, Casio argues that Plaintiff fails to allege that it sells anything that is "material' to a patented invention, and thus its contributory infringement claim should be dismissed. Doc. 14, p. 16; 35 U.S.C. § 271(c). Casio maintains that the formulaic recitation in the Complaint that Casio's Accused Products "have no substantial non-infringing uses and are especially adapted to work in a system or carry out a method claimed in the [patents-in-suit]" is insufficient to state a claim of contributory infringement. *Id.* at pp. 15-18; Doc. 1, ¶¶ 16-17, 28-29. Indeed, Brandywine does not allege that Casio sells anything that is "material" to an identified patented invention: it alleges only that "Casio has made, used, sold, offered to sell, and/or imported or continues to make, use, sell services and products including Casio Accused Services and Products for the '922 patent." Doc. 1, ¶¶ 16, 17, 28, 29.

---

[11] As discussed, the cases Plaintiff cites where a court permits knowledge of the patents-in-suit with the filing of the complaint were decided prior to *Global-Tech*'s clarification of the pleading requirements for patent lawsuits post *Iqbal* and *Twombly*. S*ee, e.g.*, *CBT Flint Partners*, 529 F.Supp. 2d 1376 (N.D. Ga. 2007); *Aspex Eyewear*, 2010 WL 2926511 (S.D. Fla. 2010); *Minsburg*, 2011 WL 1326863 (M.D. Fla. 2011).

[12] Brandywine alleges that Casio learned of the patents-in-suit in September 2011, with receipt of its complaint in the Original Action, *Brandywine Commc'ns Techs. LLC v. Apple, Inc. et al.*, 6:11-cv-1512-MSS-DAB. *See* Doc. 1, ¶¶ 11, 23. As discussed in section III(B), this is insufficient to allege the knowledge element of contributory infringement.

Third, Casio maintains that simply stating that its Accused Products have no substantial non infringing uses, without more, fails to satisfy the federal pleading standards or support a claim for contributory infringement.  *Id.* at ¶¶ 16, 17, 28, 29; Doc. 14, pp. 16-17; *Iqbal*, 556 U.S. at 678.  As Casio argues, the products Brandywine identifies as infringing are mobile phones, for which it seems implausible that there exists no substantial non-infringing use.  Doc. 14, p.7; *see In re Bill of Lading*, 681 F.3d at 1338 ("[f]or purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes *other than* infringement") (emphasis in original).  In response, Brandywine argues that its short and plain statements alleging contributory infringement are permissible under Eleventh Circuit law.  Doc. 23, p. 11. However, because the cases Brandywine cites fail to discuss the adequacy of an allegation of no substantial non-infringing uses, this argument is unpersuasive.  *See Aspex Eyewear*, 2010 WL 2926511, * 2 (S.D. Fla. 2010) (affirming that a plaintiff must demonstrate specific intent for induced infringement, but providing no analysis about the Circuit's standard for pleading no substantial non-infringing uses); *Mesh Comm, LLC v. EKA Sys., Inc.*, 2010 WL 750337 (M.D. Fla. 2010) (sustaining plaintiff's infringement allegations without discussion of allegation of no substantial non-infringing uses).[13]

Given the Court determines the sufficiency of an allegation by reviewing only the Complaint, Brandywine's explanation of its vague allegations of contributory infringement in its Response will not be considered.  *See Speaker v. U.S. Dept. of Health and Human Servs. Centers for Disease Control*, 623 F.3d 1371, 1379 (11th Cir. 2010).  The Court agrees that Brandywine has not identified what Casio "material or apparatus" is material to practicing an invention, has

---

[13] In addition to not providing relevant authority for the point cited, these cases predate the Supreme Court's articulation of the appropriate pleading standard for indirect infringement in *Global-Tech*, a case which the Plaintiff fails to address.

no substantial non-infringing uses, and is known "to be especially made or especially adapted for use in the infringement of such patent." 35 U.S.C. § 271(c); *In re Bill of Lading*, 681 F.3d 1323 at 1337. Additionally, Brandywine has not alleged Casio's pre-suit knowledge of the patents-in-suit, and has implausibly concluded that Casio's Accused Products have no substantial non-infringing uses. Therefore, Brandywine's claims of contributory infringement of the '922 and '717 Patents will be dismissed.

### E.  Brandywine has failed to adequately plead joint infringement

The Federal Circuit has clarified the standard for joint infringement, which occurs when a method claim is directly infringed by the joint actions of several parties. In *BMC Resources, Inc. v. Paymentech, L.P.*, the Federal Circuit recognized the tension between the fact that direct infringement requires a party perform every step of a claimed method, and the rule that "a defendant cannot thus avoid liability for direct infringement by having someone else carry out one or more of the claimed steps on its behalf." 498 F.3d 1373, 1379 (Fed. Cir. 2007); 35 U.S.C. § 271(a). The Federal Circuit held that where the actions of several parties combine to perform every step of a claimed method, a party is liable for joint infringement only where that party exerts control and direction over the entire process such that every step is attributable to the controlling party. *Id.*, at 1380-81; *Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1330 (Fed. Cir. 2008) (reversing judgment on joint infringement where defendant "neither performed every step of the claimed methods nor had another party perform steps on its behalf"). Here, Brandywine alleges joint infringement as follows:

> Furthermore, and/or in the alternative, upon information and belief, Casio has committed joint infringement of the '922 patent. Casio and its service providers, including, but not limited to, Cellco Partnership d/b/a Verizon Wireless, have, acting jointly, infringed and continue to infringe at least claim 7 of the '922 patent by making, using, selling and offering for sale, services and products that infringe and/or perform processes that infringe at least claim 7 of the '922 patent. Moreover, Casio has exercised and continues

to exercise control and direction over the jointly infringing activities of its service providers, including, but not limited to, Cellco Partnership d/b/a Verizon Wireless.

Doc. 1, ¶ 14.[14]   Casio argues the claim of joint infringement must be dismissed for failure to state a claim, because Brandywine fails to allege a relationship of direction and control which could give rise to joint infringement.   Doc. 14, pp. 19-22; Fed. R Civ. P. 12(b)(6).

In its Response, Brandywine argues that joint infringement is a form of direct infringement, and that Form 18 sets the standard for pleading direct infringement.   Doc. 23, pp. 12-13.   Accordingly, Brandywine contends that it need not identify a specific product in alleging joint infringement because Form 18 does not require allegation of a specific product, and identifying a category of products will suffice.   *Id.* (*citing Sikes Cookers & Grill, Inc. v. Vidalia Outdoor Prods.,* 2009 WL 427227 (N.D. Ga. 2009); *Mesh Comm.*, 2010 WL 750337 (M.D. Fla. 2010); *XPoint Techs., Inc.*, 730 F. Supp. 349, 353 (D. Del. 2010)).   However, because liability for joint infringement clearly requires proof of additional elements, such as control and direction over the other party, arguing that courts permit direct infringement claims when plaintiffs specify only a category of products is not relevant to the sufficiency of a claim of joint infringement.[15]   *Muniauction*, 532 F.3d at 1330.

---

[14] Brandywine asserts a parallel allegation regarding the '717 Patent at ¶ 26.
[15] Brandywine further argues that under the Form 18 standard, a plaintiff need not identify which patent claims are being asserted.   Brandywine attempts to distinguish *Eon Corp. IP Holdings LLC v. Flo TV Inc.*, 802 F. Supp. 2d 527, 535 (D. Del. 2011), in which the court dismissed a claim of joint infringement because "plaintiff's complaint [did] not provide specific facts explaining any alleged relationship among defendants" because the District of Delaware imposes a heightened pleading standard for joint infringement claims, claiming that the Middle District of Florida "in contrast, holds that Form 18 applies to all types of patent infringement claims."   Doc. 21, p. 14; *citing CBT Flint*, 529 F. Supp. 2d 1376 (N.D. Ga. 2007).   As discussed in section III(a), *CBT Flint* was decided before the Supreme Court's holding in *Global-Tech* that knowledge is required for indirect infringement.   Moreover, *CBT Flint* says nothing about claims of joint infringement and thus Brandywine's reliance upon it, as a counterpoint to *Eon Corp. IP Holdings*, is misplaced.

The Court agrees that Brandywine has simply stated, without any factual support, that the relationship between Casio and Verizon is one in which Casio exerts control and direction over the entire process such that every step is attributable to Casio.  *See* Doc. 1, ¶¶ 14, 26.  The Federal Circuit held that a party only exhibits "control or direction" "in situations where the law would traditionally hold the accused direct infringer vicariously liable for the acts committed by another party that are required to complete performance of a claimed method."  *Muniauction,* 532 F.3d at 1330.  Indeed, the controlled party "must perform the steps of the patented process by virtue of a contractual obligation or other relationship."  *Global Patent Holdings, LLC v. Panthers BRHC, LLC,* 586 F.Supp. 2d 1331, 1335 (S.D. Fla. 2008) (dismissing claim of joint infringement because plaintiff did not allege that individuals visiting defendant's website were under defendant's "direction or control.").  Moreover, as Casio argues, while Brandywine has concluded that Casio "has exercised and continues to exercise control and direction over the jointly infringing activities of its service provider [Verizon]", in its complaint against Verizon, Brandywine similarly concluded that Verizon exercised direction and control.  Doc. 14, p. 21; Doc. 1, ¶¶ 14, 26; *see Brandywine Comm's Tech's v. Cellco Partnership d/b/a Verizon Wireless,* No. 6:12-cv-275 (M.D. Fla. 2012), Doc. 1, ¶¶ 13, 25.

In response, Brandywine argues that its allegation "clearly alleges that there is some relationship" between Casio and Verizon and that "it may be inferred from this paragraph that some form of contractual relationship exists between the two."[16]  Doc. 23, p. 14.  Brandywine argues that because the accused functionality in these cases relates to the management and

---

[16] Brandywine submitted one Response to the twelve motions to dismiss for the '922 and '717 Patents group of cases.  *See* Doc. 23, p. 1 (Because these motions raise the same arguments, Brandywine will respond to *all* 12 motions with this opposition. This same opposition will be filed in all 12 cases.").  Therefore, the Court infers from its argument that a contractual relationship "between Motorola and AT&T Mobility" may be inferred, that it makes a similar argument about a plausible relationship between Casio and Verizon.  Doc. 23, pp.14-15.

storage of cellphone messages, it is plausible, if not probable, to infer that the named parties entered into a contractual relationship with one another.  *Id.*  Brandywine maintains that in *Global Patent Holdings*, it would be implausible to infer that a website operator could control remote users to the extent required for joint infringement.[17]  *Id.*; *Global Patent Holdings*, 586 F. Supp. 2d at 1335.  However, Brandywine misstates its obligation.  The issue is not whether it is plausible that Casio would enter into a contractual relationship with Verizon (and possibly other unnamed joint infringers), such that it exerts the control necessary for joint infringement, but rather whether Brandywine has sufficiently alleged such a relationship in its Complaint.

Brandywine has failed to sufficiently identify which of Casio's products  are involved in joint infringement, or to adequately allege that Casio exerts control and direction over Verizon such that the entire patented process can be attributed to Casio.  *See Muniauction*, 532 F.3d at 1330; *BMC Resources,* 498 F.3d at 1379.   Accordingly, Brandywine's allegations of joint infringement fail to state a claim upon which relief can be granted and will be dismissed.

### F.  Brandywine's claim of willful infringement and prayer for enhanced damages will be dismissed

Casio moves to strike Brandywine's prayer for enhanced damages pursuant to 35 U.S.C. § 284, which authorizes a district court "to increase the damages up to three times the amount found or assessed" upon a showing of willful infringement.  Doc. 14, pp. 22-24; *Avocent Huntsville Corp. v. ClearCube Technology, Inc.*, 2006 WL 2109503, * 25 (N.D. Ala. 2006); *SRIA International, Inc. v. Advanced Technology Laboratories, Inc.*, 127 F.3d 1462, 1464 (Fed. Cir. 1997).  To establish willful infringement, a plaintiff must make a "showing of objective

---

[17] In *Global Patent Holdings*, however, the issue was not the facial implausibility of direction and control, but rather that "Plaintiff has, in no way, alleged that remote users are contractually bound to visit the website, it has not alleged that remote users are Defendant's agents …" *Global Patent Holdings*, 586 F. Supp. 2d at 1335.

recklessness." *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).[18] Whether infringement is willful is a question of fact and is determined based on the totality of the circumstances. *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1311-12 (Fed. Cir. 2007).

In order to willfully infringe a patent, the alleged infringer must know of the patent. *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 860 (Fed. Cir. 2010) ("Infringement is willful when the infringer was aware of the asserted patent, but nonetheless 'acted despite an objectively high likelihood that its actions constituted infringement of a valid patent.'"); *Pandora Jewelry LLC v. Cappola Capital Corp.*, 2009 WL 2029964, *1 (M.D. Fla. 2009) (holding that knowledge of the patent is required for willful infringement). Accordingly, Casio argues that Brandywine's failure to allege pre-suit knowledge of the patents-in-suit is fatal to its willful infringement claim. Doc. 14, p. 23; *see In re Seagate*, 497 F.3d at 1374 ("when a complaint is filed, a patentee must have a good faith basis for alleging willful infringement. So a willfulness claim asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."). Casio cites other cases where courts have dismissed claims of willful infringement for failure to allege pre-suit knowledge of the patents. *Solannex, Inc. v. MiaSole*, 2011 WL 4021558, *3 (N.D. Cal. 2011) (dismissing claim of willful infringement because plaintiff failed to allege defendant "had any pre-suit knowledge of the [patent] or that its conduct rises to the level of 'objective recklessness' required to support an allegation of willful infringement");

---

[18] "[T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. The state of mind of the accused infringer is not relevant to this objective inquiry. If this threshold objective standard is satisfied, the patentee must also demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate*, 497 F.3d at 1371.

*IpVenture, Inc. v. Cellco Partnership*, 2011 WL 207978, *2 (N.D. Cal. 2011) (dismissing willful infringement claim for failure to allege facts supporting pre-suit knowledge of patents-in-suit).

In its Response, Brandywine argues that knowledge of the patent may be gained post-filing, stating that "[m]any courts agree that the *Seagate* case does not create a per se bar to plead willful infringement after the filing of the suit." Doc. 23, p. 17. However, Brandywine mischaracterizes *Seagate* and the cases it alleges support this position. In *Seagate*, the Federal Circuit concluded that there is no *per se* rule that a patentee must prevail on its request for a preliminary injunction in order to assert a claim of willfulness based solely on post-filing conduct. *In re Seagate*, 497 F.3d at 1774. The *Seagate* court cites cases where courts permit plaintiffs to amend complaints and add claims of willfulness when they have not moved for an injunction, and cases rejecting the argument that failure to move for an injunction forfeits a claim of willfulness. *Id.* As Brandywine has not moved for a preliminary injunction, the issue of whether or not it can claim willful infringement without having prevailed on a request for injunctive relief is not relevant.[19]

Importantly, none of the cases Brandywine cites suggest that a patentee could properly allege a claim of willful infringement without alleging knowledge of the patent before the alleged willful infringement. For example, in *Ultratech Int'l, Inc. and Aqua-Leisure Industries, Inc. v. Swimways Corp.*, the court permits plaintiffs to amend a complaint and add an allegation of willful infringement because while "at the time the initial Complaint was filed, they did not have a good faith basis upon which to assert a claim for willful infringement", plaintiffs had sufficient grounds to add such a claim "due to Defendant's continued use of the [patent]

---

[19] Brandywine argues that it could not have sought preliminary injunctive relief, citing *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 394 (2006). Doc. 23, p. 17. Given Brandywine has not sought a preliminary injunction, the Court need not address this inconsistency.

throughout, and subsequent to, the reexamination proceeding." 2009 WL 8590873, *2 (M.D. Fla. 2009).[20] The *Ultratech* court affirmed that to prove willful infringement, plaintiffs must establish the existence of an objectively high risk that defendant's action constituted infringement of a valid patent, and that this risk was known by defendant or was so obvious that it should have been known. *Id.*, at *4 (*citing In re Seagate*, 497 F.3d at 1371.) Indeed, by granting leave to amend to add a willfulness claim following evidence of post-suit conduct, *Ultratech* reaffirms the logical conclusion that pleading willful conduct without an allegation of pre-suit notice is insufficient. Likewise, in *DataQuill Ltd. v. High Tech Computer Corp.* the court found that while some courts have held that *Seagate* bars claims for willful infringement after filing the complaint where an injunction was not sought, others found that certain circumstances could permit a claim for willful infringement where an injunction was not sought. 2011 WL 6013022, *13 (S.D. Cal. 2011).

Here, Brandywine alleges that Casio learned of the patents-in-suit through filing the Original Action, from which this case was severed. *See* Doc. 1, ¶¶ 11, 23. It then alleges in a conclusory fashion that "Casio's continued infringement despite its knowledge of the '922 patent and Brandywine's accusations of infringement has been objectively reckless and willful."[21] *Id.* at ¶ 15. A claim of willful infringement undisputedly requires facts showing that the alleged infringer engaged in actions despite an objectively high likelihood that its actions constituted infringement of a patent. *In re Seagate*, 497 F. 3d at 1371; *Pandora Jewelry*, 2009 WL 2029964, *1. Given that Brandywine alleges Casio learned about the patents-in-suit when it filed the

---

[20] Brandywine cites this case with an incorrect caption. *See* Doc. 23, pp. v, 5, 17, 18. The caption is *Ultratech Int'l, Inc. and Aqua-Leisure Industries, Inc. v. Swimways Corp.,* 2009 WL 8590873 (M.D. Fla. 2009).

[21] Brandywine asserts a parallel allegation regarding the '717 Patent at ¶ 27.

Original Action, it could not properly plead that Casio was engaging in action despite an objectively high risk of infringement.

Additionally, Brandywine alleges that Casio's actions were "objectively reckless and willful" but does not plead any facts allowing a plausible inference that Casio's behavior was reckless.   Doc. 1, ¶¶ 15, 27.   To the contrary, the patents-in-suit are each described as a "Simultaneous Voice/Data Answering Machine" and Casio's Accused Products are cell phones. *Id.* at ¶¶ 10, 22; *see* Doc. 1-Ex.1.   Thus, without any facts alleging reckless behavior, the plausible inference is that Casio's cell phones reasonably interact in some form with the patents-in-suit.   Therefore, because Brandywine has failed to allege that Casio knew of the patents-in-suit and failed to allege facts demonstrating "objective recklessness", its claim of willful infringement and prayer for enhanced damages pursuant to 35 U.S.C. § 284  will be dismissed. *In re Seagate*, 497 F.3d at 1371; *i4i Ltd. Partnership,* 598 F.3d at 860.

## IV.   CONCLUSION

For the aforementioned reasons, the Court dismisses Brandywine's claims of indirect infringement, contributory infringement, joint infringement, and willful infringement for failure to state claims upon which relief can be granted.   Fed. R. Civ. P. 12(b)(6).

Accordingly, it is hereby **ORDERED**:

1.   Defendant Casio Computer Co., Ltd.'s Motion to Dismiss Claims of Joint, Indirect and Willful Infringement (Doc. 14) is **GRANTED**.

2.   Plaintiff Brandywine Communications Technologies, LLC is granted leave to file an amended complaint, which cures the deficiencies addressed in this Order, within **FOURTEEN (14) DAYS** from the date of this Order.

**DONE** and **ORDERED** in Orlando, Florida on December 5, 2012.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties